IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRENTISS MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-148-D |
| | ) |
| STEVEN HARPE, Director, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 21] issued by United States Magistrate Judge Amanda Maxfield Green under 28 U.S.C. § 636(b)(1)(B) and (C). The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenges a criminal judgment of the District Court of Creek County, Oklahoma, by raising four grounds for relief that were first presented in state court by an application for post-conviction relief. After a thorough analysis of the Petition, the Response, and the state court record, Judge Green finds that the Petition should be denied because Petitioner's claims are barred from federal review by the doctrine of anticipatory procedural bar.

Within the deadline to object, as twice extended by the Court, Petitioner has made a *pro se* filing [Doc. No. 29] that is liberally construed as an objection to Judge Green's findings and recommendation.[1] Thus, the Court must make a *de novo* determination of

---

[1] Because Petitioner appears *pro se*, the Court must liberally construe his arguments but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Despite a liberal construction of Petitioner's arguments, the Court finds that the only issue raised by the objection is whether Petitioner is entitled to an evidentiary hearing and an opportunity to present additional support for his claims. Petitioner does not address in a meaningful way Judge Green's findings that Petitioner's claims are unexhausted and procedurally barred and that Petitioner lacks any basis to overcome the procedural bar. Therefore, upon *de novo* review, the Court finds that Judge Green's findings and recommendation should be adopted and that the Petition should be denied.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 21] is **ADOPTED** in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DENIED**. A separate judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court finds the requisite standard is not met in this case.   Therefore, a COA is **DENIED**.

    **IT IS SO ORDERED** this 10th day of July, 2023.

                                              TIMOTHY D. DeGIUSTI
                                              Chief United States District Judge